**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **ARTHREX, INC.** | ) | |
| | ) | |
| **Plaintiff** | ) | **Case No.:  8:15-cv-00910-EAK-MAP** |
| **v.** | ) | |
| | ) | |
| **WEST COAST MEDICAL** | ) | |
| **RESOURCES, LLC, and** | ) | |
| **2 GEMINI, LLC,** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
FROM WEST COAST MEDICAL RESOURCES, LLC REGARDING FALSE
ADVERTISING**

Plaintiff Arthrex, Inc. ("Arthrex") hereby moves to compel Defendant West Coast Medical Resources, LLC ("WestCMR") to provide better responses to requests for production related to Arthrex's false and misleading advertising, pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04, as follows:

1.      Arthrex is in the business of researching, developing, manufacturing and selling medical devices used by orthopedic surgeons to achieve the best results for their patients. (Dkt. 47)  Many of these medical devices are environmentally sensitive and may degrade, or not perform properly, if improperly stored, transported or handled. (Dkt. 47, ¶18)  Arthrex's medical devices are packaged, handled, and distributed utilizing confidential quality standards through a network of distributors who also provide valuable training and support to Arthrex customers. (Dkt. 47, ¶¶15-16)  Arthrex medical training, technical support and other benefits have been a key feature in distinguishing the Arthrex brand. (Dkt. 47, ¶16)

1

2.      Arthrex's First Amended Complaint alleges, *inter alia*, that WestCMR infringed Arthrex's patents and trademarks, engaged in false and misleading advertising in violation of the Lanham Act and Florida law, and tortiously interfered with Arthrex's established business relationships with its customers and distributors. (Dkt. 47)  Relevant to the instant motion, Arthrex alleges that WestCMR has made false and misleading statements on its websites relating to Arthrex warranty coverage, training, and other services, product quality and condition (including expired product), and business relationships in order to entice customers to purchase Arthrex products from WestCMR.  (Dkt. 47, Cts 5, 9, 13 and 15).

3.      On November 20, 2015, Plaintiff served WestCMR with 131 requests for production.[1]   Each request was specifically tailored to discover documents related to WestCMR's improper conduct as described in the Amended Complaint and proportionate to Arthrex's need to prove its claims. Fed. R. Civ. P. 26(b)(1).  On November 25, 2015, this Court denied Defendants' motion to dismiss and therefore ruled that discovery must proceed. (Dkt. 44)

4.      WestCMR served lengthy, boilerplate objections to the requests on January 7, 2016.  Nearly all of the responses failed to state whether WestCMR was in possession of responsive documents.  WestCMR failed to produce any documents with its response.

5.      WestCMR ultimately produced two policy manuals.  Despite extensive communications between counsel and repeated assurances regarding the deficient responses, WestCMR failed to state whether it is in possession of, or produce, any additional documents. . Due to Defendants' refusal to provide any meaningful discovery, and with expert reports due on

---

[1] Many of these requests are narrowly tailored to documents and communications between WestCMR and specific Arthrex employees, customers and/or distributors.

August 12, 2016, Arthrex brought these deficiencies to the attention of the Court.  (Dkt. 41; Dkt. 61)  This Court ordered the parties to confer to narrow the discovery requests at issue. (Dkt. 62)[2]

6.      Arthrex has attempted to confer with WestCMR to resolve the deficiencies. WestCMR agreed to supplement its production, but only produced 25 emails, most having nothing to do with the issues of this case.[3]   Accordingly, Arthrex has been unable to reduce the number of requests at issue.

7.      Arthrex's efforts to investigate this matter have been severely hindered by the Defendants' collective failure to engage in discovery and lack of any meaningful attempt to narrow the discovery requests at issue.   Arthrex respectfully requests an order from this Court directing WestCMR to identify all documents in its possession that are responsive to Arthrex's requests 13-24, 27-29, 32-36, 39, 41, and 43-47 relating to Arthrex's false and misleading advertising claims, and to produce all non-privileged documents, along with a privilege log for all documents withheld on the basis of a claimed privilege.

8.      Plaintiff's counsel certifies that Amy L. Baker has spoken to Defendants' counsel Richard McCrea and Katie Malloy on several occasions in a good faith effort to resolve the dispute over Defendants' responses and the parties were unable to resolve the matters addressed in this motion.

---

[2] Arthrex sought leave of the Court to submit all disputed discovery requests as a separate attachment to a motion to compel, in order to allow the disputed discovery to be addressed in a single motion. (Dkt. 61)   This Court denied Arthrex's motion without prejudice. (Dkt. 62) Given the upcoming discovery deadlines, Arthrex has taken the approach of filing separate motions to group the requests based on the relatedness to each of Arthrex's claims.
[3] On April 5, 2016, WestCMR supplemented its responses to Requests No. 3, 5, 31, and 71-127 to indicate its limited search and production.

## REQUESTS FOR PRODUCTION

Arthrex respectfully requests that WestCMR's boilerplate objections be overruled and WestCMR be ordered to produce all documents responsive to the following requests:

### A.  Warranty Coverage

**Request No. 16 (emphasis added):**  All documents and/or communications relating to the **statement that "All items are still covered by the manufacturer's standard warranty"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

**Request No. 17 (emphasis added):**  All documents and/or communications relating to the **statement that "All items we sell…satisfy all of the parameters necessary under the OEM's warranty"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

> **Response to Nos. 16 and 17**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

**Request No. 18:**  All documents and/or communications relating to any WestCMR representation that any customer of WestCMR is entitled to Arthrex warranty coverage for any Arthrex product acquired from or distributed by WestCMR.

**Request No. 19:**  All documents and/or communications relating any return of any Arthrex product to WestCMR including, but not limited to, any exchanges, refunds, repairs, refusals to exchange, refusals to refund, and/or refusals to repair any Arthrex product.

**Request No. 20:**  All documents and/or communications relating to any instances in

which WestCMR referred any potential and/or existing customers of Defendants to Arthrex relating to warranty coverage.

> **Response to Nos. 18-20**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex alleges that WestCMR has made false statements about the nature of the Arthrex warranty coverage. (Dkt. 47) Arthrex's requests are related to specific, unequivocal warranty statements made by WestCMR on the "FAQ" page of its website, and are therefore relevant to Arthrex's claims and are proportional to the needs of the case.  Discovery of these documents is also relevant to determine whether the statements have been falsely made to others, and to prove the harm caused to Arthrex by such statements.

As demonstrated above, WestCMR's objections are boilerplate and should be overruled. WestCMR asserted that all of the requests at issue were objectionable because of "undue burden, overbreadth and lack of relevance" despite the specifically-tailored nature of each request. WestCMR was unable to describe the nature of the alleged burden, overbreadth or lack of relevance of any of the requests, which serves as further proof of the boilerplate nature of the objections.  Further, WestCMR failed to identify any responsive documents in its possession, any documents being withheld based on its objections, and any documents that were allegedly privileged or confidential.  WestCMR should be ordered to produce all responsive documents.

**B.**     **Quality Standards/Procedures and Product Condition**

**Request No. 21 (emphasis added):**  All documents and/or communications relating to the **statement that each of WestCMR's products has been "carefully inspected by WestCMR's quality team to verify its condition"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, any discussion with any third party regarding the statement or a portion thereof, and WestCMR's decision to remove the statement from WestCMR's website.

**Request No. 22 (emphasis added):**  All documents and/or communications relating to the **statement that "All products distributed by WestCMR meet the OEM's and FDA's quality standards"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

**Request No. 23:**  All documents and/or communications relating to any WestCMR quality standards or system including, but not limited to, any standards, procedures, requirements, rules, protocols and/or techniques for distributing unexpired and/or expired Arthrex products by Defendant.

> **Response Nos. 21-23**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

**Request No. 24:**  All documents and/or communications relating to any WestCMR testing activities performed by or at the direction of WestCMR relating to any Arthrex product including, but not limited to, standards, procedures, protocols, techniques, facilities, personnel, training, qualifications, instrumentation, equipment or other resources, inspection, sampling, destructive testing, non-destructive testing, and/or validation of any Arthrex product.

> **Response to No. 24**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance

because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request on the grounds of vagueness and ambiguity in that the phrase "testing activities" is not defined and defendant is not required to guess at plaintiffs intended meaning. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

**Request No. 27 (emphasis added):**  All documents and/or communications relating to the **statement that "[e]very product is in its original and unopened packaging"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

> **Response No. 27 (identical to 21-23)**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff s claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex alleges that WestCMR misrepresented the condition of its supply of Arthrex products. (Dkt. 47)  As emphasized above, WestCMR falsely represented that the products were "carefully inspected by WestCMR's quality team", met Arthrex's quality standards, and were in their "original and unopened packaging." (Dkt. 47)  WestCMR admitted that it does not know Arthrex's confidential quality standards and that Arthrex has never approved WestCMR's

quality procedures. (See Dkt. 57, ¶¶57, 107-108)   Arthrex's requests seek documents that specifically relate to or explain the basis for these false statements in order to prove their falsity.

These statements also relate to Arthrex's trademark infringement claims, since WestCMR distributes Arthrex medical devices in a manner inconsistent with Arthrex's quality standards and is therefore likely to confuse consumers as to the true nature of WestCMR's supply.  (Dkt. 47)[4]  These requests are relevant and are proportional to the needs of the case.

WestCMR's responses contain only the same boilerplate objections as previously discussed and should be overruled for the same reason.[5]

### C.      Business Relationships and Affiliation

**Request No. 28 (emphasis added):**  All documents and/or communications relating to the **depiction of a direct link between "Distributors" and WestCMR in WestCMR's Product Sourcing Diagram**, Exhibit O of Arthrex's Complaint, as it relates to at least Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, any discussion with any third party regarding the statement or a portion thereof, and WestCMR's decision to remove the Product Sourcing Diagram from WestCMR's website.

**Request No. 29 (emphasis added):**  All documents and/or communications relating to the statement that WestCMR **"network[s] with over 11,000 surgical reps from all the companies mentioned in our history write-up"** in Exhibit P of Arthrex's Complaint as it relates to Arthrex, including, but not limited to any WestCMR basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

> **Response to Nos. 28-29**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to

---

[4] See *TracFone Wireless, Inc. v. Pak China Group Co.*, 843 F. Supp. 2d 1284, 1297 (S.D. Fla. 2012) (quality control); See *Swatch S.A. v. New City Inc.*, 454 F. Supp. 2d 1245, 1250 (S.D. Fla. 2006) (packaging).

[5] WestCMR's response to number 24 contains an additional objection to the vagueness of the phrase "testing facilities."  This phrase is commonsense in the context of Defendant's alleged efforts to "inspect" Arthrex product offered for sale by WestCMR.   Nevertheless, Arthrex clarified that request 24 sought documents setting forth: "standards, procedures, protocols, techniques, facilities, personnel, training, qualifications, instrumentation, equipment or other resources, inspection, sampling, destructive testing, non-destructive testing, and/or validation of any Arthrex product." Thus, any ambiguity with the phrase was resolved but WestCMR has still failed to modify its response or produce all responsive documents.

this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff s claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex alleges that WestCMR falsely stated or implied that WestCMR had a business relationship with Arthrex and its distributors in order to induce customers to purchase Arthrex products from WestCMR. (Dkt. 47)  Arthrex's requests seek documents and communications related to specific statements of WestCMR regarding the alleged link or networking between WestCMR and Arthrex's distributors.  WestCMR asserts that it has acquired each of its Arthrex products from an authorized source (which Arthrex disputes), and has raised affirmative patent exhaustion and first sale defenses (*see* Dkt. 57). (*See, e.g.*, Dkts. 47 and 57, ¶¶ 38, 47 and defenses)  These requests are clearly relevant to establish Arthrex's claims and are proportional to the needs of this litigation.

WestCMR's responses contain only the same boilerplate objections as discussed in regard to all previously discussed responses and should be overruled for the same reason. WestCMR should be ordered to produce all responsive documents in its possession.

### D.    Product Condition, and Associated Services and Benefits

**Request No. 32 (emphasis added):**  All documents and/or communications relating to the **statement that WestCMR's medical devices "are the very same products"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant, including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement or a portion thereof.

**Request No. 33 (emphasis added):** All documents and/or communications relating to the **statement that "[t]he only difference is that you will receive products from us that have [a] shorter shelf life than you normally would"** in Exhibits P and Q of Arthrex's Complaint as it relates to Arthrex products offered by Defendant including, but not limited to, WestCMR's basis for the statement, the author of the statement, and any discussion with any third party regarding the statement.

> **Response to Nos. 32-33**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff s claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex alleges that WestCMR misrepresented the condition of Arthrex products offered for sale and actually sold by WestCMR, and entitlement to the associated services and benefits which typically accompany Arthrex products such as training, technical support and warranty coverage. (Dkt. 47)  As emphasized above, these requests seek documents related to specific statements made by WestCMR on the "FAQ" page of its website relating to Arthrex services and benefits.  These requests are relevant and are proportional to the needs of this case.

WestCMR asserts the same boilerplate objections as alleged in every previously addressed response and failed to produce all responsive documents.  Arthrex respectfully requests that WestCMR be compelled to produce all responsive documents.

### E.    Materiality of WestCMR's Statements

**Request No. 35:**  All documents and/or communications relating to the intended, anticipated and/or actual market effect of any statement made in Exhibits P and Q of Arthrex's Complaint including, but not limited to, any investigation, research, analysis, survey, and/or inquiry by or on behalf of WestCMR.

**Response to No. 35**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request on the grounds of vagueness and ambiguity in that the phrase "market effect" is not defined and defendant is not required to guess at plaintiffs intended meaning. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex's request is relevant and proportional to the needs of the case because it seeks documents to establish the materiality and effect of WestCMR's statements on potential and existing Arthrex consumers and the harm to Arthrex, which is part of Arthrex *prima facie* case. See *Swatch S.A.*, 454 F. Supp. at 1251 (citing 15 U.S.C. § 1125(a) and Eleventh Circuit case law). Arthrex is entitled to discover evidence of WestCMR's knowledge that these statements would be material and would divert sales from Arthrex.

WestCMR asserts the exact same boilerplate objections raised in response to every previously-discussed request.  The phrase "market effect" can be easily discerned from the asserted claim.  WestCMR should be ordered to produce all responsive documents.

F.    **Basis for Statements and Extent of Communications**

**Request No. 13:** Any and all versions and/or archives of WestCMR's websites and/or online stores including, but not limited to, each version of WestCMR's Frequently Asked Questions (FAQ) webpage (http://www.westcmr.com/faqs).

**Response to No. 13**:  Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff s claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "[a]ny and all versions and/or archives of WestCMR's websites and/or online stores ..."

11

would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. Further, any such webpages are publicly available and equally accessible by plaintiff. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege.

**Request No. 14:** All documents and/or communications relating to any statement made in Exhibits P and Q of Arthrex's Complaint including, but not limited to, WestCMR's basis for any statement, the author of any statement, the date any statement was first made, where the statement was made, was directed to and/or was otherwise publically accessible, any information about users who accessed WestCMR's FAQ webpage, and/or any discussion with any third party regarding any statement or a portion thereof.

**Request No. 34:** All documents and/or communications relating to WestCMR's basis for any statement made in Exhibits P and Q of Arthrex's Complaint at the time any such statement was made including, but not limited to, any investigation, research, and/or inquiry by or on behalf of WestCMR relating to the content of any such statement.

> **Response to No. 14 and 34**: Defendant will produce its Quality Systems Manual and Quality Policy from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff s claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "[a]ll documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

**Request No. 15:** All documents and/or communications with customers and/or potential customers relating to any statement made in Exhibits P and Q of Arthrex's Complaint or a portion thereof including, but not limited to, Arthrex's business and/or any Arthrex product.

> **Response to No. 15**: Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the

requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "[a]ll documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex's requests relate to the previously discussed specific, unequivocal quality statements made by WestCMR on the "FAQ" page of its website (*see* Exhibits P and Q of Arthrex's Complaint), and are therefore relevant to Arthrex's claims and are proportional to the needs of the case. Discovery of these documents is relevant to determine precisely when these statements were first made, whether the statement has been falsely made to others, and to prove the harm caused to Arthrex by such statements. WestCMR does not appear to make prior versions of its website publicly available, and therefore these prior versions would not be equally accessible to Arthrex. WestCMR's objections are boilerplate and should be overruled for at least the reasons discussed in the above requests.

### G. WestCMR's Product Offerings and Statements to Consumers

**Request No. 36:** All animations, videos, video files, web pages, and other media of Defendant relating to the sale, offering for sale, distribution, promoting and/or advertising of any Arthrex product and/or any Accused Infringing Mark.

**Response to No. 36**: Defendant will produce responsive animations, videos, and video files communicated to the public and/or its customers and potential customers from April 17, 2009 to the present. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ... relating to ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it is vague and

ambiguous in that "web pages" and "other media" are not defined and defendant is not required to guess at plaintiff's intended meaning. Defendant also objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex's request is targeted to obtain additional information about the manner in which WestCMR offered Arthrex products for sale, including when these statements were first made, and what other ways WestCMR has made these and similar statements. The request is relevant and proportional to Arthrex's need to prove Arthrex's claims.

Defendant's boilerplate objections lack specificity and should be overruled. Additionally, WestCMR's objections that the phrases "web pages" and "other media" are ambiguous are wholly improper because the phrases should be afforded their common meaning.[6] WestCMR should be ordered to produce all responsive documents, including those it has already agreed but failed to produce.

## H.   Confusion caused by WestCMR's Statements and Use of Arthrex's Trademarks

**Request No. 39:**  All documents and/or communications that describe, refer to, and/or relate to any confusion of a former, potential and/or existing WestCMR customer relating to Arthrex and either of the Defendants including, but not limited to, any inquiries relating to sponsorship, endorsement, and/or affiliation of Arthrex and either of the Defendants.

**Request No. 41:**  All documents and/or communications relating to WestCMR warranty coverage for any Arthrex product including, but not limited to, any policies, procedures, agreements, conditions, services, support, benefits, and/or any instances in which WestCMR offered, committed to, was obligated to, provided and/or refused to provide warranty coverage to customers of WestCMR.

**Response to Nos. 39 and 41**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of

---

[6] Accordingly, "web pages" simply refers to pages on Defendant's web sites or online sale sites and "other media" simply refers to other media in WestCMR's possession relating to the sale of Arthrex products.

plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

As previously discussed, a lack of warranty coverage, training, and other services which typically accompany Arthrex's medical devices can be sufficient to show that WestCMR's supply is materially different and would confuse consumers as to the relationship of the parties. As noted above in Request No. 29, WestCMR contends that it "network[s] with over 11,000 surgical reps from all the companies mentioned in our history write-up" and obtains medical devices directly from distributors (*See* Dkt. 47 and Dkt. 48, Ex. P). These statements suggest a business relationship between the parties, which Arthrex denies, and are likely to compound any confusion that consumers may have resulting from WestCMR's unauthorized use of Arthrex's trademarks.

Arthrex's requests seek documents to establish that WestCMR's customers were misled about Arthrex distribution, and warranty coverage, training and services. The requests also seek evidence of confusion, which is highly probative in determining whether other consumers would likely be confused by WestCMR's unauthorized use of Arthrex's trademarks. WestCMR's objections should be overruled because they are boilerplate and improper. WestCMR should be ordered to produce all responsive documents.

## I.    Product Condition and Quality

**Request No. 43:**  All documents and/or communications relating to any Arthrex product expired at the time of acquisition, offer for sale and/or sale by Defendants including, but not limited to, acquiring, distributing, donating, and/or destroying any such Arthrex product.

**Response to No. 43**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiffs claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Arthrex's request number 43 seeks documents related evidencing that WestCMR improperly distributed expired Arthrex devices.   To protect patients, Arthrex does not sell expired medical devices. (Dkt. 47, ¶¶20, 60-61)  2 Gemini has admitted that "it has sold Arthrex devices that have expired (Dkt. 57, ¶60), and WestCMR has since admitted that it has transferred expired product to 2 Gemini.  Responsive documents are necessary to demonstrate yet another facet of the false advertising and trademark infringement engaged in by the Defendants.   The request seeks to information to determine whether WestCMR has conveyed expired medical devices to others besides 2 Gemini. WestCMR's objections to this request are once again exact replicas of the objections asserted in response to every other request and should be overruled.

**J.     Training and Other Benefits Accompanying Arthrex Products**

**Request No. 44:**   All documents and/or communications relating to the use of any Arthrex product including, but not limited to, any instructional materials, directions for use, training materials, operator manuals, product guides, presentations, brochures and/or other materials that present information about Arthrex products and/or surgical techniques provided by WestCMR to its customers.

**Response to No. 44**: Defendant does not provide any instructional materials, directions for use, training materials, operator manuals, product guides, presentations, brochures and/or other materials that present information about Arthrex products and/or surgical techniques other than those materials provided by Arthrex with its products. Defendant otherwise objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination

of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for " documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiffs claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege.

**Request No. 45:**   All documents and/or communications relating to any instances WestCMR provided and/or refused to provide medical education, training, demonstrations, technical assistance and/or other services or benefits to potential and/or existing customers of WestCMR regarding any Arthrex product and/or surgical technique, and the basis for providing the same.

**Request No. 46:**   All documents and/or communications relating to any instances in which any potential and/or existing customers of WestCMR requested, inquired and/or were informed of medical education, training, demonstrations, technical assistance and/or other services or benefits regarding any Arthrex product and/or surgical technique including, but not limited to, any instances where WestCMR represented such Arthrex services or benefits would be available for Arthrex products distributed by WestCMR and/or any instances where WestCMR referred potential and/or existing customers of WestCMR to Arthrex.

> **Response to Nos. 45-46**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

WestCMR falsely advertises that the Arthrex products it offers for sale "are the very same products" that could otherwise be obtained from Arthrex. (Dkt. 47)   WestCMR's advertising in this regard is false because WestCMR does not provide the same medical education, training and technical support that Arthrex provides to its customers.   These

17

differences also relate to an inherent quality of Arthrex medical devices, and are therefore relevant to show that WestCMR's supply of Arthrex products are not the same and are therefore infringe Arthrex's trademarks.  Requests 44 – 46 seek documents establishing these differences and their materiality.  Despite the clear relevance of these requests, WestCMR improperly continues to assert the same generic objections raised in response to every other request contained in this motion.  WestCMR should be ordered to produce all responsive documents in its possession.

### K.   Confusion and Other Harm Caused by WestCMR's False and Misleading Statements

**Request No. 47:**  All documents and/or communications relating to any complaints, demands and/or requests from any previous and/or current customer of WestCMR relating to Arthrex products offered by Defendant.

> **Response to No. 47**: Defendant objects to this request on the grounds of undue burden, overbreadth and lack of relevance because the requested documents include documents which are irrelevant to the determination of plaintiff's claims as set forth in the Amended Complaint and attachments thereto and which are not reasonably calculated to lead to the discovery of admissible evidence. A complete response to this request for "all documents ..." would include potentially voluminous documents that have nothing to do with the purchase or sale of Arthrex products and that are not relevant to plaintiff's claims in this case. This request is also overly broad as to time. Defendant further objects to this request to the extent it seeks information protected by the attorney-client or attorney work product privilege. Finally, defendant objects to this request to the extent it seeks documents containing confidential and/or proprietary information in the absence of a protective order.

Request number 47 seeks documents to establish that WestCMR's customers were misled or about Arthrex products offered for sale by WestCMR, which is relevant to Arthrex's claims for false and misleading advertising.  Evidence that consumers have contacted WestCMR concerning these statements is also relevant to show that consumers have been confused about the relationship between the parties and WestCMR's unauthorized use of Arthrex's trademarks. WestCMR's boilerplate objections are improper and WestCMR fails to state whether it is in

possession of any responsive documents or if any are being withheld on the basis of privilege or confidentiality.  WestCMR should be ordered to produce all responsive documents.

## MEMORANDUM OF LAW

### I.       Arthrex is Entitled to the Requested Discovery Because It Is Relevant

Arthrex is entitled to obtain discovery on any non-privileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1).  Relevant discovery should encompass "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *United Surgical Assistants, LLC v. Aetna Life Ins. Co.,* 2015 WL 5781098 (M.D. Fla. September 30, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The document requests addressed in this motion seek information relevant to Arthrex's claims that WestCMR engaged in false and misleading advertising, as described in greater detail above.  Arthrex is entitled to discover documents evidencing WestCMR's knowledge of the truth or falsity of the representations made to customers or potential customers through its website, other media, or personal interaction.  *See Joseph v. Liberty Nat. Bank*, 873 So. 2d 384 (Fla. 5th DCA 2004) (the falsity of a statement must be known to the representor, or through the exercise of reasonable care should have been known, to give rise to liability for false advertising).  Additionally, the requests seek to establish the effect that WestCMR's misleading advertising had on its actual or potential customers.[7]  The reliance of customers is an element of the *prima facie* case of injurious falsehood under Florida law.  See *Leavitt v. Cole*, 291 F. Supp. 2d 1338

---

[7] Deception and materiality are elements under the Lanham Act. *Intertape Polymer Corp. v. Inspired Techs., Inc.*, 725 F. Supp. 2d 1319, 1333 (M.D. Fla. 2010); *Swatch S.A.*, 454 F. Supp. 2d at 1251 (citations omitted).

(M.D. Fla. 2003) (reliance on false or misleading statements must result in injury to the plaintiff).

The requests are also relevant to show that WestCMR has infringed Arthrex's trademarks by reselling Arthrex medical devices in an unauthorized and materially different manner. Discovery will show that WestCMR's supply of medical devices lack Arthrex warranty coverage, training and other benefits, and are distributed in an unapproved manner that increases a likelihood of damage.[8]

Arthrex's requests are also proportional to the needs of this case. The requests are narrowly tailored to WestCMR's affirmative statements and other related aspects, including the basis for making such statements, when the statements were made and to whom, and the harm and confusion caused by such statements. Arthrex is entitled to the requested documents because they are necessary to establish Arthrex's claims against WestCMR.

## II.     WestCMR's Objections Are Improper

### L.     WestCMR's Boilerplate Privilege and Confidentiality Objections Should Be Overruled

WestCMR improperly asserted generic attorney-client and work product privilege objections, as well as confidentiality objections, to *every* request addressed in this motion. However, none of the responses stated whether responsive privileged or confidential information was in WestCMR's possession or would be produced, in violation of Federal Rule of Civil Procedure 26(b)(5) and 34(b)(2)(C).

These generalized claims of privilege should be rejected because none of the responses

---

[8] See *Davidoff & Cie, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1302 (11th Cir. Fla. 2001); *TracFone Wireless, Inc.*, 843 F. Supp. 2d at 1297 (warranty and quality control); *Swatch S.A.*, 454 F. Supp. 2d at 1250 (packaging). See also *Sound Surgical Techs., LLC v. Rubinstein*, 734 F. Supp. 2d 1262, 1268-1269 (M.D. Fla. 2010) (actual confusion).

contain a statement of particulars sufficient to enable the court to assess the validity of those claims.  See Middle District Discovery (2015) at 15, ¶ 9.  Further, WestCMR failed to produce a privilege log or otherwise attempt to describe the alleged privileged documents in response to any of the above-referenced requests, in violation of Federal Rule of Civil Procedure 26(b)(5)(A).  See also Middle District Discovery (2015) at 20-21, ¶ 2.

This is true despite the fact that Plaintiff's counsel provided Defense counsel with a proposed confidentiality agreement on November 17, 2015.  Defense counsel did not respond to the confidentiality agreement until March 18, 2016, and Arthrex agreed to Defendants' proposed changes.  WestCMR never sought a confidentiality agreement prior to March of 2016 and still has not produced either a privilege log or the confidential documents themselves.

Consequently, Arthrex respectfully requests that the Court overrule all of WestCMR's boilerplate privilege objections raised in response to requests 13-24, 27-29, 32-36, 39, 41, and 43-47.  Arthrex further requests that WestCMR be ordered to fully respond to each of these requests.   In the event that the Court finds any merit in Defendant's privilege or confidentiality objections, Arthrex requests that WestCMR be required to provide a privilege log describing the nature of each responsive document and the specific privilege being asserted so that Arthrex can challenge the designation of privilege if appropriate.

**B.**    **WestCMR's Boilerplate Objections of Burden, Overbreadth, Time and Relevance Should Be Overruled**

Blanket objections of "overbroad, burdensome and irrelevant" are improper.  See Middle District Discovery (2015) at 12, ¶ 6 ("Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case.")  Attorneys are prohibited from using objections solely to avoid producing documents that are relevant to the case or that are otherwise

necessary to understand the issues. See id. If discovery requests are alleged to be overbroad, a party must produce documents responsive to a narrower version of the request while waiting for a resolution of the scope of the request. Middle District Discovery (2015) at 12, ¶ 8. WestCMR failed to produce documents based on a narrower version of each request.

Here, WestCMR's boilerplate objections appear calculated to avoid producing documents that are relevant to the case. This is particularly true given that WestCMR has produced only two quality documents and a handful of emails in discovery thus far, none of which provides a basis to support the alleged truth of WestCMR's statements. WestCMR has not produced even a single document related to its acquisition, inspection, advertising or sale of Arthrex products. WestCMR's objections on the basis of time are improper, because Arthrex is entitled to discover WestCMR's basis for making the statements, whenever that allegedly occurred. WestCMR should not be allowed to evade its obligation to respond to discovery.

**C.     WestCMR's Objections To Commonly Used Words Should Be Overruled**

Defendant objected that several commonplace words or phrases were vague and ambiguous. But "words used in discovery normally should carry their plain and ordinary meaning unless the particular case requires a special or technical definition, which should be specified plainly and concisely by the party required to respond to the terms." Middle District Discovery (2015) at 11, ¶ 2. Additionally, Defense counsel is required to reasonably and naturally interpret requests for documents. Id. at ¶ 3. (Also stating that "attorneys are reminded that evasive or incomplete disclosures, answers or responses may be sanctionable under the provisions of rule 37.") WestCMR is required to interpret the discovery in a commonsense manner and should be ordered to respond to the requests accordingly.

**D.**   **WestCMR Failed to State Whether Responsive Documents Are In Its Possession And Failed to Produce Documents**

WestCMR failed to produce documents in connection with its response to request for production and Defendant's responses failed to even disclose whether Defendant is in possession of responsive documents, aside from two policy manuals which clearly are not responsive to Arthrex's requests.   WestCMR is required to produce responsive documents.   It is also required to disclose whether responsive documents are in its possession, regardless of whether objections are also raised.   See F.R.C.P, Rule 34(b)(2)(B) and (C); see also Middle District Discovery (2015) at 12, ¶ 5.   WestCMR's refusal to meet this basic requirement has further compounded the number of requests Arthrex has been forced to move on.

In fact, the extreme deficiencies in these responses raise questions as to whether a reasonable inquiry into the existence of responsive documents was ever performed.   It is difficult to believe that WestCMR has absolutely no documents relevant to Arthrex's claims of false and misleading advertising, aside from two policy manuals and a handful of emails.   Defendant should be ordered to respond to each request, as required by Rule 34(b)(2)(B), F.R.C.P. to identify the responsive documents in its possession and to produce those documents.

**III.**   **WestCMR Should Be Ordered to Produce All Responsive Documents**

A party may move for an order compelling discovery.   F.R.C.P. 37.   Additionally, the court has broad discretion to compel or deny discovery.   *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292, 1306 (11th Cir. 2011).   Here, the court should overrule WestCMR's boilerplate objections and compel WestCMR to produce all documents responsive to Defendant's requests 13-24, 27-29, 32-36, 39, 41, and 43-47.

Respectfully submitted this 20<sup>th</sup>day of April, 2016.

s/ Amy L. Baker
_____
AMY L. BAKER, ESQUIRE

## CERTIFICATE OF SERVICE

I certify that on **April 20, 2016**, uploaded the foregoing to the CM/ECF system which will send a notice of electronic filing to the following: **RICHARD C. MCCREA, ESQUIRE,** Greenberg Traurig, P.A., (Attorneys for Defendants), (mccreac@gtlaw.com); and **ALLAN KASSENOFF, ESQUIRE and JUSTIN MACLEAN, ESQUIRE,** Greenberg Traurig, LLP, (Additional Attorneys for Defendants), (kassenoffa@gtlaw.com and macleanj@gtlaw.com).

s/ Amy L. Baker
_____
SEAN M. MCDONOUGH, ESQUIRE
Florida Bar No. 896446
sean.mcdonough@wilsonelser.com
AMY L. BAKER, ESQUIRE
Florida Bar No. 86912
amy.baker@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida    32801
407-203-7599 - Phone
407-648-1376 - Facsimile

Francis Torrence, Esquire (*pro hac vice*)
francis.torrence@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
525 Market Street, 17th Floor
San Francisco, CA 94105

Anthony Cho, Esquire (*pro hac vice*)
ACho@cgolaw.com
David Atallah, Esquire (*pro hac vice*)
DAtallah@cgolaw.com
Stephen Sequin, Esquire (*pro hac vice*)
ssequin@cgolaw.com
Carlson, Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, MI 48009

*Attorneys for Plaintiff*

ALB:ajc

24